NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0096n.06

No. 20-3573

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Feb 19, 2021
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| BETTY E. SMITH, in her capacity as attorney-in-fact for Dr. Paul C. Smith, individually and on behalf of the ERISA-covered plan, | ) ) ) ) ) | |
| Plaintiff-Appellant, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| v. | ) ) | |
| HPR CLINIC, LLC; DOCTOR HARRY NGUYEN; DOCTOR RYAN FRYMAN, | ) ) ) | |
| Defendants-Appellees. | ) ) | |

BEFORE: CLAY, READLER, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge. Dr. Paul Smith settled this case by agreeing to be bound by an expert's valuation of his clinic, but he later claimed that this valuation violated Federal Rule of Evidence 702. As the district court correctly noted, the parties' settlement agreement did not include a right to assert an after-the-fact challenge to the valuation. We thus affirm.

Dr. Smith, who is now incapacitated, brought this suit through his sister, Betty Smith. The complaint alleged that Dr. Smith, Dr. Harry Nguyen, and Dr. Ryan Fryman were members of HPR Clinic, a limited liability company. HPR Clinic lacked an operating agreement. In the complaint, Dr. Smith (through his sister) asserted that the three doctors had an "implicit" agreement in which they would evenly share patients, revenue, and expenses. Drs. Nguyen and Fryman, by contrast,

viewed HPR Clinic as simply a means through which the doctors paid shared overhead expenses for their individual practices. The complaint nevertheless alleged that Drs. Nguyen and Fryman violated the implicit agreement by diverting patients from Dr. Smith. It also alleged that they deprived Dr. Smith of the benefits to which he was entitled under "employee benefit plans" purportedly regulated by the Employee Retirement Income Security Act of 1974 (ERISA). The complaint thus asserted claims under ERISA and state law.

The parties settled the suit while the defendants' motion to dismiss remained pending. The settlement required each side to identify two potential experts to appraise HPR Clinic, and it directed the district court to choose one appraiser from among the four potential experts. The parties agreed to be bound by the expert's valuation. The court's chosen expert estimated HPR Clinic's value as $14,140, which left Dr. Smith with $4,242 of equity in the clinic. After receiving this report, the court ordered the parties to complete their settlement and dismiss the suit within 30 days. The defendants lived up to their side of the bargain by paying Dr. Smith $4,242. Dr. Smith did not: One day after the required dismissal date, he filed a motion to reject the expert's valuation on the ground that it violated the standards for expert witnesses in Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

The district court found Dr. Smith's motion "untimely and meritless." The court reasoned that the federal rules did not apply because the expert was not a witness at trial. Rather, the expert's valuation resulted from the parties' settlement, and they agreed to be bound by whatever valuation the expert chose. The court added that nothing in the settlement gave a party the right to challenge the valuation. It thus dismissed this case with prejudice.

On appeal, Dr. Smith renews his argument that the expert's valuation did not comport with the standards for expert testimony in Federal Rule of Evidence 702 and *Daubert*. Yet the parties

settled this case. A settlement agreement that occurs during a suit qualifies as a contract binding on, and enforceable by, the parties just like any other contract. *See, e.g.*, *McCormack v. City of Westland*, 2019 WL 4757905, at *2–3 (6th Cir. Apr. 15, 2019) (order); *Smith v. ABN AMRO Mortg. Grp. Inc.*, 434 F. App'x 454, 460 (6th Cir. 2011). And when parties form a valid contract under the relevant state law, a court is required to "enforce the settlement as agreed to by the parties and is not permitted to alter the terms of the agreement." *Glidden Co. v. Kinsella*, 386 F. App'x 535, 543 (6th Cir. 2010) (quoting *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988)).

These standards foreclose Dr. Smith's appeal. He does not dispute that the parties entered into a legally binding contract under Ohio law. *See Smith*, 434 F. App'x at 460. Nor does he dispute that their agreement made the chosen expert's valuation "binding on all of the parties." Dr. Smith also fails to identify any term in the agreement that required the chosen expert to meet the standards for expert witnesses that otherwise would apply if the expert had testified in court. And he identifies nothing in the agreement that gave a party the right to lodge an after-the-fact objection to the expert's valuation if the party disagreed with the expert's calculations. If Dr. Smith sought to preserve this type of right, he should have placed that term into the settlement agreement. Like the district court, therefore, we see no basis in this legally binding contract for Dr. Smith to raise the type of evidentiary objection that he now makes. In short, Dr. Smith voluntarily chose to settle this suit and he must live with the terms of the settlement that he agreed to. *See Glidden*, 386 F. App'x at 543.

We affirm.